## No. 6524.

### PHILIP MARSOUDET VS. MARY CLANCY.

The signature of the clerk of the lower court to his certificate of the record of appeal may be added even after a motion to dismiss for want of his signature.

The term of the District Court of the Parish of Orleans, of *general* jurisdiction, begins on the first Monday of November, and ends on the 4th of July following.

The application for an appeal, and the filing of the proper bond within ten days after judgment signed, entitle a party to a suspensive appeal, although the order of appeal may not be granted until several days thereafter.

Where property of a third party has been seized to satisfy a judgment, it is the value of the property, and not the amount of the judgment, which determines the amount in dispute.

The transcript of appeal is the only source of information to which this court will refer, as to what was offered in evidence below.

The usufruct of a succession, like an interest therein of an heir, may be seized and sold by a creditor of the usufructuary, even though the succession be insolvent.

No legal action to enforce a legal right can give rise to a claim for damages.

A party cannot, in his representative capacity, injoin the sale of his individual property.

APPEAL from the Fifth District Court of New Orleans.    CULLOM, J.

*G. Schmidt* for Plaintiff Appellant.    *Baker* for Defendant.

On motion to dismiss.

Marsoudet *vs.* Clancy.

MANNING, C. J.   There are five grounds taken: 1, that no tran-script was filed as required; 2, the appeal could have been taken only by petition; 3, the delay for a suspensive appeal had expired and there was no order for a devolutive appeal; 4, the amount in dispute is less than the appealable sum; 5, the transcript is incomplete.

1. The transcript apparently fulfills all legal requirements.   Ap-pellee informs us by affidavit that the clerk's certificate was not signed when he made his motion to dismiss.   Appellant informs us in the same way that as soon as he was apprised of the omission, he had it supplied.   The appellant should not suffer for the clerk's negligence.

2. The judgment was signed December 19, 1876.   The motion for appeal was made in open court January 2d following, and was, there-fore, made at the same term at which the judgment was rendered.

3. The court prescribed the amount of the appeal bond on motion of the appellant, and it was given and filed December 28, the day the motion for appeal was made.   The order of appeal was not made until January 2d.   The order was in time.

4. The amount in dispute is the value of the usufruct under seizure and not the amount of the judgment to satisfy which the sale of the usufruct is to be made.   That value is ostensibly more than $500.

5. If there is any incompleteness of the record, it is not made apparent.

*Motion refused.*

On the merits.

MANNING, C. J.   The plaintiff is the testamentary executor of his deceased wife, and also the usufructuary of her estate under the express appointment of her will.   The defendant is his creditor, and has a judgment against him individually, upon which a writ of *fieri facias* issued, and his right of usufruct was seized to satisfy it.

The executor had advertised two improved lots on Esplanade Street for sale, for the purpose of paying the debts of the succession, and this sale was to take place on 23rd of October, 1875.   The defendant seized the plaintiff's usufruct of these two lots, and that sale was advertised for the 8th of the following month.   The succession sale was made on the 23rd of October, and the property

Marsoudet *vs.* Clancy.

was adjudicated at nine thousand dollars. This suit was instituted or the double purpose of recovering damages of Mrs. Clancy for the jury to the succession caused by her seizure of the usufruct of plaintiff, which is alleged to have alarmed bidders, and prevented active competition at the sale, and also to inhibit her from proceeding further in her contemplated sale. The injunction was dissolved by the lower court with damages.

There can be no question that the seizure of plaintiff's usufruct in the estate of his wife, or in any part thereof, was legal. Every species of usufruct is liable to seizure except the single case of that given to the parents, *during the marriage*, in the estate of a minor child. Davis *v.* Carroll, 11 Annual, 705. We do not understand the plaintiff to controvert this proposition, but he alleges, there can be no usufruct unless there is an estate, or a thing or right which is the subject of the usufruct, and until the debts were paid, and the succession settled, it could not be known whether the property was not, or would not be, consumed.

To say that there can be no usufruct of a thing unless the thing exists is but to announce a truism. And if the payment of the succession debts had exhausted all its property and assets, then the seizure and sale of the plaintiff's usufruct would have been barren of result, except to occasion the defendant the additional loss of the expenses incurred in provoking it. The suit is, however, for loss to the succession, but it cannot be contended that the defendant was not pursuing her legal rights and in a legal manner, and we cannot sanction a claim for damages, even if they were less remote and supposititious than is disclosed by the testimony in this case.

But the plaintiff appears to have confounded his representative and his individual capacities, and to have overlooked the fact that he has enjoined in the capacity of executor a proposed sale of his individual property. The property of the succession in the lots was divested by the sale of the 23rd of October. Neither it nor its representative had any further interest in that property. But on the 5th of November, the representative of the succession sued out this injunction to prevent the sale, not of any succession property or right, but of the individual and personal right of usufruct of Philip Marsoudet, which was advertised for the 8th of that month.

Marsoudet *vs.* Clancy.

This is an abuse of the right of injunction for which the lower court awarded ten per centum damages.

*Judgment affirmed.*

On application for rehearing.

SPENCER, J.  Full ownership is divisible into three elements, all of which are *jura in re*, to wit, the use, the enjoyment, and the disposal.

The person who owns the usufruct, has as clear and distinct a right as he who owns the naked property.  He may sell it, give it, and if it operates on immovables, mortgage it, in the same manner as the owner of the naked property may do.  It is like any other *jus in re*, any other right of property, liable to seizure for his debts, except when it operates upon the estate of his minor child.

When Mrs. Marsoudet, therefore, bequeathed to her husband the usufruct of her estate, she bequeathed him *a right of property in her estate* — a *jus in re* — just as complete, perfect, and distinct as was her bequest to her daughter Julia Riley.  He became one of her universal legatees and testamentary heirs, to wit, universal legatee and heir of the use and enjoyment of all her estate.

The defendant, therefore, had a perfect right to seize, his rights as universal usufructuary of her estate, just as Julia Riley's creditor might have seized her rights as universal legatee.  Of course a probate sale of the property of an estate to pay *its* debts, *defeats all legacies* of that property, or of *any of the elements* of its ownership, and therefore defeats a legacy of the usufruct, as well as of the naked property.

The existence of debts on the thing, and which may deprive the usufruct of its value, does not prevent the right of usufruct from existing no more than does the insolvency of a living person prevent his owning property.  Whether the estate of Eliza Marsoudet was in or out of debt, solvent or insolvent, makes no sort of difference, and does not affect the *existence* of the husband's rights of usufruct; but only its value, its amount.  If the property of the estate has been *honestly* and *fairly sold* to pay its debts, and is insufficient, it will be a barren right that is sold; but that is none of the executor's business. If persons have been deterred from buying, at the probate sale of the estate, by this proceeding to sell the rights of the legatee of the usufruct, the estate has been injured and damaged by *their ignorance* and not by any *illegal act* of the seizing creditor, who did but pursue a legal right, and any loss resulting, therefore is *damnum absque injuria.*

*Rehearing refused.*